EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

J. MICHAEL SEABRIGHT #3753
Assistant U.S. Attorney

MARK T. ODULIO
Trial Attorney
U.S. Department of Justice, Tax Division
600 E. Street, NW, Room 5011
Washington, D.C. 20530
Telephone: (202) 514-8032
Facsimile: (202) 514-9623
e-mail: Mark.T.Odulio@usdoj.gov

MICHAEL C. VASILIADIS
Trial Attorney
U.S. Department of Justice, Tax Division
600 E. Street, NW, Room 5502
Washington, D.C. 20530
Telephone: (202) 514-1102
Facsimile: (202) 514-9623
e-mail: Michael.C.Vasiliadis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 0 7 2005

at ____ o'clock and ____ min. ____ M.
WALTER A.Y.H. CHINN, CLERK

SEALED
BY ORDER OF THE COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA | INDICTMENT |
| Plaintiff, | CR - CR05-00141 |
| vs. | COUNT 1: 26 U.S.C. § 7212(a) |
| JOHN DAVID VAN HOVE, aka: "JOHNNY LIBERTY" | COUNTS 2-4: 26 U.S.C. § 7203 |
| Defendant. | COUNTS 5-16: 18 U.S.C. §§ 1343, & 2 |

UNSEALED BY ORDER OF THE COURT
DATE: MAY 17 2005

<u>INDICTMENT</u>

The Grand Jury charges:

## I.  **INTRODUCTORY ALLEGATIONS**

1.    At all relevant times herein, Defendant JOHN DAVID VAN HOVE aka JOHNNY LIBERTY (hereinafter "Defendant VAN HOVE") was a United States citizen and a resident of either the State of Hawaii or the State of Oregon.  He was born on July 18, 1952 and currently resides in or around Ashland, Oregon.

2.    Beginning on or before January 1, 1998, the exact date being unknown to the grand jury, and continuing thereafter up to and including the date of this indictment, Defendant VAN HOVE has been in the business providing financial planning and investment advice.

3.    Defendant VAN HOVE operated his business through multiple nominees including: Liberty Foundation Services Ltd., LF Services, Light Radiance Productions, Cascadian Resource Center, Abundant Enterprises Ltd., Abundant Holdings Ltd., and Global Bank Services.  Defendant VAN HOVE directed his customers to pay these nominees for his services and products related to his financial planning and investment program.

4.    Defendant VAN HOVE's financial planning products and services involved a scheme promoting "sovereignty," "common law trusts," "P.I.L.L. trusts" (Prosper International League Limited), international business corporations (hereinafter

2

"IBCs"), and offshore bank accounts as a means of evading taxes.

5.    Defendant VAN HOVE promoted the concept of "sovereignty" as a method by which an individual could remove himself from the jurisdiction of the United States government, including the Internal Revenue Service (hereinafter "IRS"). Defendant VAN HOVE promoted "common law trusts" as a part of a system of layered entities utilized to conceal ownership and control of assets and income.  Defendant VAN HOVE promoted "P.I.L.L. trusts" as foreign trusts with related bank accounts used to repatriate assets and income through the use of a debit/credit card.  Defendant VAN HOVE promoted IBCs, entities that had no independent economic reality and did not represent actual ongoing businesses but in whose names bank accounts were opened in the Bahamas and elsewhere; these IBCs were used to conceal taxpayer's ownership and control of assets and income. Defendant VAN HOVE advised clients to obtain offshore bank accounts.  These financial accounts, opened and maintained in a foreign jurisdiction, enabled clients to conceal ownership and control of assets and to hide income from the IRS.

6.    As part of Defendant VAN HOVE's scheme, beginning in or about 1999, Defendant VAN HOVE solicited individuals to invest in a fraudulent high-yield investment program with Abundant Enterprises, Ltd.; Abundant Holdings, Ltd.; and Global Bank Services, all nominee entities that he controlled.

7.   In or about December 1998, Defendant VAN HOVE began conducting business from 439 C South Kihei Rd., Kihei, Hawaii, in the District of Hawaii.

8.   In or about December 1999 and continuing through a time unknown to the grand jury, Defendant VAN HOVE conducted his business from 1860 Olinda Rd., Maui, Hawaii in the District of Hawaii.

## COUNT 1
### 26 U.S.C. § 7212(a)
[obstructing and impeding the administration of the tax laws]

9.   The Introductory Allegations in Paragraphs 1 to 8 of this indictment are realleged and incorporated as if set forth in full herein.

10.  Beginning in or about 1997, the exact date being unknown to the grand jury, and continuing up to and including the date of this indictment, in the District of Hawaii and elsewhere, the Defendant,

**JOHN DAVID VAN HOVE aka JOHNNY LIBERTY,**

did unlawfully and corruptly obstruct and impede, and endeavor to obstruct and impede, the due administration of the internal revenue laws, Title 26 of the United States Code, by concealing his assets and income through the use of nominee entities and related foreign and domestic bank accounts; by directing clients to pay these nominees for services and products related to his financial planning and investment program; further, Defendant VAN

4

HOVE promoted and sold financial planning products and services related to "sovereignty," "common law trusts," "P.I.L.L. trusts," IBCs, and offshore bank accounts, in order to assist individuals in concealing their assets and income from the IRS; further, Defendant VAN HOVE discouraged clients from cooperating with an ongoing federal grand jury investigation into his business and tax-related matters; further, Defendant VAN HOVE hired individuals to perform administrative duties related to his business without reporting to the IRS compensation paid to the individuals, and without issuing annuals Forms W-2 and/or 1099 to them; all as more particularly described as follows:

(a)  On or about August 18, 1997, the IRS transmitted a Notice of Intent to Levy to Defendant VAN HOVE for an unpaid tax liability of $17,190.50 related to the 1994 tax year.  Aware this and other IRS inquiries into his tax liabilities, Defendant VAN HOVE opened nominee bank accounts under his dominion and control to obscure ownership in and control of the income from his business.

(b)  Defendant VAN HOVE opened and had sole signature authority over multiple nominee bank accounts, including but not limited to:

| Nominee | Bank | Account No. | Date Opened |
|---------|------|-------------|-------------|
| Cascadian Resource Center | US Bank, Lynden, WA | 21770013830 | 3/13/98 |

5

| Nominee | Bank | Account No. | Date Opened |
|---|---|---|---|
| Light Radiance Productions | US Bank, Lynden, WA | 153504034486 | From in or before January 1999 |
| Abundant Holdings, Ltd. | Suisse Security Bank & Trust, Nassau, Bahamas | 213133 | 3/17/99 |
| LF Services, Ltd. | Suisse Security Bank & Trust, Nassau, Bahamas | 213109 | 3/17/99 |
| Guild Indemnity Company, Ltd. | Suisse Security Bank & Trust, Nassau Bahamas | 213134 | 3/17/99 |
| Abundant Enterprises, Ltd. | Suisse Security Bank & Trust, Nassau Bahamas | 214407 | 7/23/99 |
| Institute for Communications Resources | Suisse Security Bank & Trust, Nassau Bahamas | 214424 | 12/30/99 |

Defendant VAN HOVE instructed his clients to remit payment for products and services related to his financial planning and investment program to nominee bank accounts.

(c)   As part of Defendant VAN HOVE's investment program, beginning in or about 1999, he required investors to purchase IBCs and related foreign bank accounts to be opened and maintained at Suisse Security Bank & Trust.  Defendant VAN HOVE charged investors fees, typically in the amount of $2,200, for these services.  Defendant VAN HOVE instructed many of his

6

investors to pay for his services via wire transfer to
Suisse Security Bank & Trust bank account number 213109
in the name of LF Services.  During the 2000 calendar
year, Defendant VAN HOVE used his Suisse Security Bank
& Trust bank account number 213109 in the name of LF
Services, and made or caused to be cash withdrawals,
within the District of Hawaii and elsewhere of investor
monies totaling approximately $26,159.00.

(d)  The Institute of Global Prosperity (hereinafter
"IGP")  was an organization founded in 1996 which,
during its existence through May 2002, was in the
business of selling a 12-part audiotape/cd series and
seminar tickets to offshore seminars.  The 12-part
audiotape/cd series was called Global 1 and sold for
$1,250.  Global 1 was advertised as a comprehensive
home-study course featuring "wealth-building"
strategies.

(e)  Beginning in or about September 1998, Defendant
VAN HOVE  agreed with the principals of IGP to produce
the second edition of IGP's 12-part audiotape/cd
series.  Between 1998 and 2001, the principals of IGP
paid Defendant VAN HOVE a total of approximately
$281,890 in fees and royalties for creating the Global
1 product.  Defendant VAN HOVE caused these payments to

7

be remitted to nominee entities and deposited the proceeds into related bank accounts under his dominion and control.

(f)  On or about November 10, 1999, Defendant VAN HOVE promoted and sold two IBCs, a "common law trust," and two offshore bank accounts to IRS undercover agents posing as prospective clients for the purpose of concealing the agents' assets and income from the IRS.

(g)  On or about September 13, 2002, Defendant VAN HOVE sent correspondence via electronic mail to clients discouraging them from cooperating with an ongoing federal grand jury investigation into his business and tax related matters.

(h)  Beginning in or about 1998, Defendant VAN HOVE hired individuals to perform administrative duties related to his business located at 439 C South Kihei Rd., Kihei, Hawaii, and later at 1860 Olinda Rd., Maui, Hawaii, but did not report to the IRS wages paid to these individuals and did not issue annual Forms W-2 and/or 1099 to them.

All in violation of Title 26, United States Code, Section 7212(a).

## COUNT 2
### 26 U.S.C. § 7203
**[willful failure to file a tax return]**

11.   That during the calendar year 1998, in the District of Hawaii, defendant JOHN DAVID VAN HOVE aka JOHNNY LIBERTY, a resident of the State of Hawaii, received sufficient gross income that he was required by law to file with the Internal Revenue Service a federal individual income tax return on or before April 15, 1999, but defendant JOHN DAVID VAN HOVE aka JOHNNY LIBERTY willfully failed to file a federal individual income tax return on or before that date.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 3
### 26 U.S.C. § 7203
**[willful failure to file a tax return]**

12.   That during the calendar year 1999, in the District of Hawaii, defendant JOHN DAVID VAN HOVE aka JOHNNY LIBERTY, a resident of the State of Hawaii, received sufficient gross income that he was required by law to file with the Internal Revenue Service a federal individual income tax return on or before April 17, 2000, but defendant JOHN DAVID VAN HOVE aka JOHNNY LIBERTY willfully failed to file a federal individual income tax return on or before that date.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 4
## 26 U.S.C. § 7203
## [willful failure to file a tax return]

13.   That during the calendar year 2000, in the District of
Hawaii, defendant JOHN DAVID VAN HOVE aka JOHNNY LIBERTY, a
resident of the State of Hawaii, received sufficient gross income
that he was required by law to file with the Internal Revenue
Service a federal individual income tax return on or before April
16, 2001, but defendant JOHN DAVID VAN HOVE aka JOHNNY LIBERTY
willfully failed to file a federal individual income tax return
on or before that date.

All in violation of Title 26, United States Code, Section
7203.

## COUNTS 5-16
## 18 U.S.C. §§ 1343, & 2
## [wire fraud & aiding and abetting wire fraud]

### I.   INTRODUCTORY ALLEGATIONS

14.   The Introductory Allegations in Paragraphs 1 through 8
of this indictment are realleged and incorporated as if set forth
in full herein.

15.   From a date unknown to the grand jury but sometime in
or before September 1999, Defendant VAN HOVE met with
individuals, including those named in Counts 5-16 of this
indictment, who were seeking investment opportunities and,
through a series of misrepresentations and false promises, he
told them that he could earn substantial profits for them, at

10

rates of up to 25% per month or 300% per year, if they invested

in investment programs through his companies Abundant Holdings

Ltd., Abundant Enterprises Ltd., and Global Bank Services.

Defendant VAN HOVE told clients that the monies were being

invested into a "private placement."  Thereafter, Defendant VAN

HOVE took control of and misappropriated the clients' funds by

using the monies in transactions with an individual known to the

Grand Jury as J.R.  The purpose of the transactions with J.R.

included, among other things, to obtain a "standby letter of

credit."  As of a date in or before September 1999, despite being

aware of the fraudulent nature of the investments and

transactions with J.R., Defendant VAN HOVE continued to solicit

funds from clients by misrepresenting the expected investment

returns and success of the venture.  Defendant VAN HOVE

fraudulently solicited funds from clients as described above and

reassured clients who had previously provided monies that their

monies remained safe and secure.  Defendant VAN HOVE sent

investors bogus documents to lull them into a false belief that

the investments had been properly made.  Relying on false

promises and assurances made by Defendant VAN HOVE, these

individuals, including those named in Counts 5-16 of this

indictment, invested approximately $700,000 with Defendant VAN

HOVE.  Except for occasional payments and refunds made to a

handful of investors, most investors received no profits and lost

their entire investment money.

## II.    THE SCHEME TO DEFRAUD

16.    From a date unknown to the grand jury but sometime in or before September 1999, and continuing up until the date of this indictment, in the District of Hawaii and elsewhere, Defendant

**JOHN DAVID VAN HOVE aka JOHNNY LIBERTY,**

and others known and unknown to the grand jury, knowingly devised and participated in, and intended to devise and participate in, a scheme and artifice to defraud, and to obtain money and property from individuals, including those named in Counts 5-16 of this indictment, by means of material false and fraudulent pretenses, representations, promises and omissions of material fact.

## III.    THE MANNER AND MEANS OF EXECUTING THE FRAUD

17.    It was further part of the scheme and artifice alleged herein that beginning in or before September 1999, Defendant VAN HOVE began soliciting individuals for investments, falsely promising them that he could earn substantial profits for them, at rates of up to 25% per month or 300% per year, if they invested in investment programs through his companies Abundant Holdings Ltd., Abundant Enterprises Ltd., and Global Bank Services.  Defendant VAN HOVE falsely guaranteed that the investors' funds were either insured or secured by a "promissory note" with an 8% minimum guaranteed return.

12

18.   It was part of the scheme and artifice alleged herein that Defendant VAN HOVE instructed the investors to transmit, via wire transfer, their money to him at bank accounts he maintained at Suisse Security Bank & Trust in the name of Abundant Holdings, Ltd.

19.   It was part of the scheme and artifice alleged herein that Defendant VAN HOVE used bank accounts he maintained at Suisse Security Bank & Trust in the Bahamas to conduct wire transfers of investor monies to bank accounts maintained by an individual known to the Grand Jury as J.R. in the District of Oregon.

20.   It was part of the scheme and artifice alleged herein that beginning in or before September 1999, that Defendant VAN HOVE, despite being aware of the fraudulent nature of the investments and transactions with J.R., continued to solicit funds from clients by misrepresenting the expected investment returns and success of the venture.   Defendant VAN HOVE fraudulently solicited funds from clients as described above and reassured clients who had previously provided monies that their monies remained safe and secure.

21.   It was further part of the scheme or artifice that Defendant VAN HOVE charged investor various fees for participating in the investment program and directed the client to remit these fees to bank accounts he maintained at Suisse

13

Security Bank & Trust, Nassau, Bahamas.

22.   It was further part of the scheme and artifice alleged herein that investors were provided with solicitation letters, non-disclosure forms, fiduciary agreements, promissory notes, and standby letters of credit describing the operation of Abundant Enterprises, Ltd., Abundant Holdings, Ltd. and Global Bank Services, soliciting investment into those entities, and the purported rates of return on investments.

23.   It was further part of the scheme and artifice alleged herein that Defendant VAN HOVE used investor monies to pay for a variety of his business and personal expenses.  In addition, from 1999 through 2000, Defendant VAN HOVE made or caused to be made approximately $54,000 in withdrawals of U.S. currency of investor monies, including many withdrawals in the District of Hawaii.

24.   It was further part of the scheme and artifice alleged herein that when the investors failed to receive their promised investment returns and demanded the return of their money, Defendant VAN HOVE transmitted, via electronic mail and facsimile transmission, correspondence to investors asking to "rollover" their investment funds and re-invest in other programs being offered through Abundant Holdings Ltd., Abundant Enterprises Ltd. and Global Bank Services.  This correspondence allowed Defendant VAN HOVE to continue the fraud by delaying investor complaints.

25.   It was further part of the scheme and artifice alleged

14

herein that when the investors failed to receive their promised
investment returns demanded the return of their money from
Defendant VAN HOVE, Defendant VAN HOVE transmitted "irrevocable
bank pay orders," "standby letters of credit," "promissory
notes," and other false and fictitious documents which purported
to initiate the return of the clients' investment.  This
correspondence allowed Defendant VAN HOVE to continue the fraud
by delaying investor complaints.

    26.  It was further part of the scheme and artifice alleged
herein that when the investors failed to receive their promised
investment returns and demanded the return of their money,
Defendant VAN HOVE transmitted, via electronic mail and facsimile
transmission, correspondence to investors falsely assuring the
investors that their monies and investment were safe and urging
the investors to be patient.  This correspondence allowed
Defendant VAN HOVE to continue the fraud by delaying investor
complaints.

    27.  It was further part of the scheme and artifice alleged
herein that after Defendant VAN HOVE learned that federal law
enforcement officials were contacting investors as part of an
investigation into his purported investment, Defendant VAN HOVE
transmitted, via electronic mail and facsimile transmission,
correspondence to investors discouraging them from complaining to
government authorities and cooperating in the ongoing federal

investigation.  This correspondence allowed Defendant VAN HOVE to

continue the fraud by delaying investor complaints.

IV. **THE USE OF THE WIRES IN FURTHERANCE OF THE SCHEME TO DEFRAUD**

28.  On or about the dates set forth below, in the District

of Hawaii and elsewhere, the Defendant,

**JOHN DAVID VAN HOVE aka JOHNNY LIBERTY,**

and others known and unknown to the Grand Jury, having devised

with others the above described scheme and artifice to defraud

and obtain money and property by means of material false and

fraudulent pretenses, representations, promises, and omissions of

material fact described above, for the purpose of executing and

in order to effect the scheme and artifice, did knowingly cause

to be transmitted in interstate commerce, by means of wire

communications, certain signs, signals, and sounds, as identified

below, each such wire communication being a separate count of

this indictment:

| Count | Date | Wire Communication | Locations |
|-------|------|--------------------|-----------|
| 5 | 5/24/00 | Facsimile transmission of correspondence from Defendant VAN HOVE to investor N.A. explaining the delay of investment payout and warning that the payout would be endangered if investor breached confidentiality. | From the state of Hawaii to the state of Arizona or state of Washington |

| Count | Date | Wire Communication | Locations |
|-------|------|--------------------|-----------|
| 6 | 5/24/00 | Facsimile transmission of correspondence from Defendant VAN HOVE to investor A.G. explaining the delay of investment payout and warning that the payout would be endangered if investor breached confidentiality. | From the state of Hawaii to the state of California |
| 7 | 8/22/00 | Facsimile transmission of correspondence from Defendant VAN HOVE to Abundant Holdings, Ltd. investor N.A. explaining the delay of investment payout and assuring investor that investment proceeds were safe and secure. | From the state of Hawaii to the state of Arizona and/or state of Washington |
| 8 | 8/22/00 | Facsimile transmission of correspondence or electronic mail from Defendant VAN HOVE to Abundant Holdings, Ltd. investor A.G. explaining the delay of investment payout and assuring investor that investment proceeds were safe and secure. | From the state of Hawaii to the state of California |
| 9 | 11/1/00 | Facsimile transmission of correspondence from Defendant VAN HOVE to investor N.A. explaining the delay of investment payout and providing a modified schedule of investment disbursements. | From the state of Hawaii to the state of Arizona or state of Washington |
| 10 | 11/1/00 | Facsimile transmission of correspondence from Defendant VAN HOVE to investor N.L. explaining the delay of investment payout and providing a modified schedule of investment disbursements. | From the state of Hawaii to the state of New York |

17

| Count | Date | Wire Communication | Locations |
|-------|------|--------------------|-----------|
| 11 | 12/20/00 | Electronic mail from Defendant VAN HOVE to investor N.A. explaining the delay of the investment payout and stating that the transfer of funds into the Letter of Credit was initiated on December 15. | From the state of Hawaii to the state of Arizona or state of Washington |
| 12 | 12/20/00 | Electronic mail from Defendant VAN HOVE to investor A.G. explaining the delay of the investment payout and stating that the transfer of funds into the Letter of Credit was initiated on December 15. | From the state of Hawaii to the state of California |
| 13 | 2/5/01 | Facsimile transmission of correspondence from Defendant VAN HOVE to investor N.A. explaining the delay of the investment payout, assuring investor that the investment was safe and secure, and soliciting additional investments. | From the state of Hawaii to the state of Arizona or state of Washington |
| 14 | 2/5/01 | Electronic mail from Defendant VAN HOVE to investor A.G. explaining the delay of the investment payout, assuring investor that the investment was safe and secure, and soliciting additional investments. | From the state of Hawaii to the state of California |

| Count | Date | Wire Communication | Locations |
|-------|------|--------------------|-----------|
| 15 | 3/7/01 | Facsimile transmission of correspondence from Defendant VAN HOVE to investor N.A. notifying the investor that federal law enforcement authorities executed a search warrant at Defendant VAN HOVE's offices, characterizing the Abundant Holdings, Ltd. investments as "loans," and stating that the "loan" principle plus 8% interest would be returned to investor. | From the state of Hawaii to the state of Arizona or state of Washington |
| 16 | 3/8/01 | Electronic mail from Defendant VAN HOVE to investor A.G. notifying the investor that federal law enforcement authorities executed a search warrant at Defendant VAN HOVE's offices, characterizing the Abundant Holdings, Ltd. investments as "loans," and stating that the "loan" principle plus 8% interest would be returned to investor. | From the state of Hawaii to the state of California |

All in violation of title 18, United States Code, Sections 1343 and 2.

DATED: _____04/07/05_____ at Honolulu, Hawaii.

A TRUE BILL

/S/
_____
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
MARK T. ODULIO
MICHAEL C. VASILIADIS
Trial Attorneys
United States Department of Justice
Tax Division

United States v. John David Van Hove, aka: "Johnny Liberty"
Cr. No. _____
"Indictment"

20